# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Terri Stow,<br><br>   Plaintiff,<br>v.<br><br>Diversified Consultants, Inc.,<br><br>   Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq*. ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 *et seq*. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Terri Stow is a natural person who resides in the Village of Saranac, County of Ionia, State of Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5. Plaintiff is a "debtor" as the term is defined by M.C.L. §§ 445.251(d) and 339.901(f).

6. Defendant Diversified Consultants, Inc., is a Florida corporation, with its principal place of business located in Jacksonville, Florida, with its domestic registered agent at Incorp Services, Inc., 2285 South Michigan Road, Eaton Rapids, Michigan 48827.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as that term is defined by M.C.L. §§ 445.251(b) and 339.901(b).

9. Defendant is not licensed by the State of Michigan to collect consumer debt in Michigan.

10. Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

11. Several years ago, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA, MOC, and MCPA, namely through a personal obligation to Sprint for cellular telephone service charges incurred while her husband was in a nursing home several years ago.

12. After her husband passed away, Plaintiff defaulted on this obligation.

13. After the Plaintiff defaulted on her obligation, the account was transferred, moved, sold, or otherwise assigned to Defendant for collection.

14. At all times relevant to this Complaint, the debt has been past the statute of limitations.

15. At all times relevant to this Complaint, Plaintiff has had the legal right to file for bankruptcy protection.

16. Sometime during 2014, Defendant began its attempts to collect from Plaintiff the alleged financial obligation.

17. On or about July 1, 2014, Plaintiff informed Defendant, during a phone call that she was represented by legal counsel with respect to this debt.  The caller was uninterested in the name or contact

information of Plaintiff's counsel, but did offer to settle the debt for $300.00.

18. On or about July 8, 2014, Defendant called Plaintiff's phone. Plaintiff again informed Defendant that she was still represented by an attorney with respect to the alleged debt. Defendant's response was "don't you have family that can pay the debt" or similar words to that effect.

19. When Plaintiff attempted to give Defendant her attorney's name and contact information, the caller stated it was only needed if she was filing for bankruptcy.

20. Plaintiff has failed to send any written communications to Plaintiff.

21. As a direct, actual, and proximate result of the acts and omissions of Defendant, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, frustration, and upset, amongst other negative emotions.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

25. Defendant violated 15 U.S.C. § 1692b(6) by calling the Plaintiff on or about July 8, 2014, after it received notice of attorney representation on July 1, 2014.

26. Defendant violated 15 U.S.C. § 1692d when it responded to the statement of attorney representation by asking the Plaintiff "don't you have family that can pay the debt" or similar words to that effect, the natural consequence of the statement being to harass, oppress, or abuse the Plaintiff.

27. Defendant violated 15 U.S.C. § 1692d each time it called the Plaintiff after it received notice of attorney representation on or about July 1, 2014, as the natural consequence of each communication from

       Defendant to Plaintiff after July 1, 2014, being to harass, oppress, or abuse the Plaintiff.

28. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

29. Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

30. Defendant violated 15 U.S.C. § 1692e when it responded to the notice of attorney representation by continuing the conversation with Plaintiff and telling her Defendant only needed legal counsel's contact information if she was filing bankruptcy, a statement in connection with the attempt to collect the debt that was false, deceptive, or misleading.

31. Defendant violated 15 U.S.C. § 1692e(5) on or about when Defendant responded to its notification of legal counsel by indicating Defendant only needed legal counsel's contact information if she was filing bankruptcy, a threat to continue its contacts with Plaintiff until she filed for bankruptcy - an action that could not be legally taken.

32. Each phone call by the Defendant after it received notice of attorney representation on or about July 1, 2014, is a violation 15 U.S.C. §

1692f, as each call from Defendant to Plaintiff after the notice of legal representation, was an unfair or unconscionable means to attempt to collect a debt.

33. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f, as each call after April 9, 2014, an unfair or unconscionable means to attempt to collect a debt.

34. Each violation of the MOC by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f, as each call after April 9, 2014 was an unfair or unconscionable means to attempt to collect a debt.

35. Defendant's conduct, as a whole, violated 15 U.S.C. § 1692f because its actions, as pleaded in this Complaint, were unfair or unconscionable means to attempt to collect a debt.

36. Defendant violated 15 U.S.C. § 1692g(a) by failing to send or communicate statutorily required language within five days of the Defendant's initial communication.

37. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to send Plaintiff a written notice of the amount of the debt within five days of the initial communication.

38. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to send Plaintiff a written notice the name of the creditor within five days of the initial communication.

39. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to send a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector within five days of the initial communication with the Plaintiff.

40. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to send a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector within five days of the initial communication with the Plaintiff.

41. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to send a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current

      creditor within five days of the initial communication with the Plaintiff.

42. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.

## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

## M.C.L § 445.251 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq*.

45. Defendant violated M.C.L. § 445.252(a) on or about July 1, 2014 and on or about July 8, 2014, when Defendant indicated that it could continue to contact her until she filed for bankruptcy - Defendant's communication being misleading or deceptive.

46. Defendant violated M.C.L. § 445.252(a) by calling Plaintiff on or about July 1, 2014, and on or about July 8, 2014, after it knew she was represented by an attorney, a misleading or deceptive manner of communicating.

47. Defendant violated M.C.L. § 445.252(e) on or about July 1, 2014 and on or about July 8, 2014, when Defendant indicated that it could continue to contact her until she filed for bankruptcy - a misleading, untrue, or deceptive statement.

48. Defendant violated M.C.L. § 445.252(f)(ii) by calling Plaintiff on or about July 1, 2014, and on or about July 8, 2014, after it knew she was represented by an attorney a misrepresentation of the legal rights of the Defendant.

49. Defendant violated M.C.L. § 445.252(f)(ii) when it indicated to Plaintiff that Defendant could continue to call her until she filed bankruptcy - a misrepresentation of the legal rights of the Defendant.

50. Defendant violated M.C.L. § 445.252(n) when it indicated to Plaintiff that Defendant could continue to call her until she filed bankruptcy - a harassing, oppressive, or abusive method to collect a debt.

51. Defendant violated M.C.L. § 445.252(n) when it responded to the notice of attorney representation by telling the Plaintiff "you owe

$853, you are still going to have to pay it" or similar words to that effect; a harassing, oppressive, or abusive method to collect a debt.

52. Defendant violated M.C.L. § 445.252(n) by attempting to settle the debt with the Plaintiff after it knew she was represented by an attorney - a harassing, oppressive, or abusive method to collect a debt.

53. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

54. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## COUNT III.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

## M.C.L. § 339.901 *et seq*.

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including,

but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

57. Defendant violated M.C.L. § 339.915(a) on or about July 1, 2014 and on or about July 8, 2014, when Defendant indicated that it could continue to contact her until she filed for bankruptcy - Defendant's communication being misleading or deceptive.

58. Defendant violated M.C.L. § 339.915(a) by calling Plaintiff on or about July 1, 2014, and on or about July 8, 2014, after it knew she was represented by an attorney, a misleading or deceptive manner of communicating.

59. Defendant violated M.C.L. § 339.915(e) on or about July 1, 2014 and on or about July 8, 2014, when Defendant indicated that it could continue to contact her until she filed for bankruptcy - a misleading, untrue, or deceptive statement.

60. Defendant violated M.C.L. § 339.915(f)(ii) by calling Plaintiff on or about July 1, 2014, and on or about July 8, 2014, after it knew she was represented by an attorney a misrepresentation of the legal rights of the Defendant.

61. Defendant violated M.C.L. § 339.915(f)(ii) when it indicated to Plaintiff that Defendant could continue to call her until she filed bankruptcy - a misrepresentation of the legal rights of the Defendant.

62. Defendant violated M.C.L. § 339.915(n) when it indicated to Plaintiff that Defendant could continue to call her until she filed bankruptcy - a harassing, oppressive, or abusive method to collect a debt.

63. Defendant violated M.C.L. § 339.915(n) when it responded to the notice of attorney representation by telling the Plaintiff "you owe $853, you are still going to have to pay it" or similar words to that effect; a harassing, oppressive, or abusive method to collect a debt.

64. Defendant violated M.C.L. § 339.915n) by attempting to settle the debt with the Plaintiff after it knew she was represented by an attorney - a harassing, oppressive, or abusive method to collect a debt.

65. Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

66. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

## COUNT II.

## VIOLATIONS OF THE

## MICHIGAN COLLECTION PRACTICES ACT

### M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

## COUNT III.

## VIOLATIONS OF THE

## MICHIGAN OCCUPATIONAL CODE

## M.C.L. § 339.901 *et seq*.

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

          Respectfully submitted,

          GOLDEN LAW OFFICES, P.C.

Dated: November 21, 2014

          /s/ B. Thomas Golden
          B. Thomas Golden (P70822)
          Attorney for the Plaintiff
          2186 West Main Street
          P.O. Box 9
          Lowell, Michigan 49331
          Telephone: (616) 897-2900
          Facsimile: (616) 897-2907
          btg@bthomasgolden.com